## Department of Public Assistance, etc., v. Sharago et ux.

*Samuel M. Tollen,* for plaintiff.

*Edward F. Muller, Jr.,* and *Guy W. Davis,* for defendants.

BRETHERICK, J., January 28, 1954.—The action is in assumpsit by the Department of Public Assistance of the Commonwealth against Samuel Sharago and Sallie Sharago, his wife, to recover certain amounts paid to husband defendant by way of public assistance.

By written agreement of counsel, the case was tried before a judge without a jury. See Act of April 22, 1874, P. L. 109, 12 PS §688, et seq. The trial resulted

in a finding in favor of plaintiff for the full amount of its claim and against wife defendant alone, husband defendant having died on May 6, 1952, which was after the institution of suit but before the case was called for trial.

The case comes before us now on wife defendant's exceptions to the trial judge's findings of fact, conclusions of law and decision, and to his failure to make findings of fact, conclusions of law, etc., as requested.

These exceptions are all directed to the two fundamental questions in the case, i.e.: (1) Whether plaintiff may proceed against wife defendant by action in assumpsit, or whether it is restricted to the form of procedure laid down in section 3 of the Support Law, i.e., by petition in the court of quarter sessions, and (2) whether the evidence establishes that wife defendant was financially able to support her husband during the period of time when he was receiving public assistance.

The first question was the subject of our most serious consideration when the case was before us on wife defendant's preliminary objections to the complaint. Our views are fully set forth in our opinion of August 29, 1952, and nothing can profitably be added to what was said there. It suffices to say that further consideration has not altered our view that the action of assumpsit lies: Commonwealth v. Hornacek, 347 Pa. 596.

On the question of wife defendant's financial ability, we find ourselves in agreement with the trial judge's views:

"Thus, it appears that at the time the aid was given to husband defendant, wife defendant was the owner of an entirety interest in real estate of the net value of $7,000. We think it is fair to say that she was then of sufficient financial ability to contribute to her husband's support. We think considerations of public

policy and public utility compel the conclusion. As we understand it, wife defendant was living in the premises, separate and apart from her husband, during the time he was receiving assistance, and the argument may be made that 'she had to live somewhere'. Nevertheless, and on principle, it seems to us entirely unjust and inequitable that the taxpayers of this Commonwealth should be saddled with the expenses of husband defendant's support and maintenance at the very time that defendants were the owners of property worth $7,000. While it is the duty of the State, under modern social and political theory, to extend aid and relief to the distressed, there is a corresponding moral and legal obligation on the recipient and certain of his relatives to make just restitution. That obligation should not be narrowly restricted or easily avoided."

Accordingly, we adopt the trial judge's findings of fact, conclusions of law and decision, and enter the following

### Order

And now, January 28, 1954, upon consideration of the foregoing case, it is ordered, adjudged and decreed that wife defendant's exceptions to the action of the trial judge are dismissed, and judgment is hereby entered in favor of plaintiff, Department of Public Assistance of the Commonwealth of Pennsylvania, and against wife defendant, Sallie Sharago, in the sum of $1,181.74.